UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE SCHRAUTH
FORCUCCI and HOLLY A BALAYA,

                        Plaintiffs,

                                                    **DECISION AND ORDER**

        v.                                          14-CV-830-A

BOARD OF EDUCATION OF
HAMBURG CENTRAL SCHOOL DISTRICT

                        Defendant.


        This action is brought by plaintiffs Catherine Schrauth Forcucci and Holly

A. Balaya primarily to allege claims under 42 U.S.C. § 1983 challenging the

constitutionality of an administrative proceeding during which defendant Board of

Education of Hamburg Central School District found Forcucci committed official

misconduct as a Board member and removed Forcucci from elected office on the

Board.  Plaintiffs Forcucci and Balaya have moved pursuant to Fed. R. Civ. P. 65

for a temporary restraining order to enjoin the defendant from filling the Board

seat that had been occupied by Forcucci.  Plaintiffs allege the Board's

administrative proceeding was biased and did not apply the proper legal standard

for determining official misconduct.  Plaintiffs are ultimately seeking a judgment in

this case requiring the Board to reconsider, without biased members and

pursuant to the proper legal standard, whether Forcucci committed official

misconduct.

For the reasons stated below, after review of the written submissions of the parties and upon hearing oral argument on October 22, 2014, the Court denies the motion for a temporary restraining order.  The Court finds plaintiffs fail to carry their burden to show a clear likelihood of success on the merits of the § 1983 procedural due process claim, and that plaintiffs fail to carry their burden to show they will suffer irreparable harm absent entry of the temporary restraining order until relief may be granted on their motion for a preliminary injunction.

In light of the Court's careful consideration of the merits of plaintiffs' procedural due process claim, and in the interest of efficiency and cost savings, the Court orders below a schedule for submissions pursuant to Fed. R. Civ. P. 56(f)(3) so that the Court may consider partial summary judgment on that claim. Plaintiffs' pending motion for a preliminary injunction may be rendered moot, and a substantial narrowing of issues for discovery and trial may be possible.

## FACTS AND PRIOR PROCEEDINGS

On May 21, 2013, plaintiff Catherine Schrauth Forcucci was elected a member of the Board of Education of the Hamburg Central School District.  *See generally* N.Y. Educ. Law § 1804.  Forcucci was elected to a three-year term of office that was scheduled to expire June 30, 2016.

On May 2, 2014, Forcucci was served with charges of official misconduct as a Board member.  A school board is authorized:

> [t]o remove any member of their board for official

> misconduct. But a written copy of all charges made of
> such misconduct shall be served upon him at least ten
> days before the time appointed for a hearing of the same;
> and he shall be allowed a full and fair opportunity to refute
> such charges before removal.

NY. Educ. Law § 1709(18).

On May 14, 2014, Forcucci filed a petition with the New York Commissioner of Education pursuant to N.Y. Educ. Law § 310 seeking disqualification of the President of the Board from consideration whether the charge of official misconduct against plaintiff should be lodged before the Board, and from consideration of the charge because of alleged bias against plaintiff. The administrative petition to disqualify the President of the Board remains pending before the Commissioner of Education.

On September 10, 2014, Forcucci was removed from her remaining term of office as a member of the Board for official misconduct by a 5-1 vote of Board members.  The vote followed a lengthy administrative hearing pursuant to N.Y. Educ. Law § 1709(18) before the Board.

After the Board voted to remove Forcucci from the Board, she filed this action on October 2, 2014, in Supreme Court, State of New York, County of Erie, to overturn the Board's removal decision, for remand to the Board with proper reconsideration by the Board whether plaintiff committed official misconduct, and for various other relief.  Plaintiff alleges that some Board members were so biased that the failure to disqualify them from the removal proceedings violated

her due process rights. Plaintiff Forcucci also alleges the Board was not advised of the correct standard to be used to determine whether she had committed "official misconduct" under Education Law § 1709(18).

On October 3, 2014, Forcucci filed an administrative appeal of the Board's September 10, 2014 removal decision with the New York Commissioner of Education pursuant to N.Y. Educ. Law § 310. Although plaintiff has not done so, she has a right to seek a stay of the Board's removal decision pursuant to N.Y. Educ. Law § 311 and 8 NYCRR § 276.1.

The Board removed this case from Supreme Court, County of Erie, to this Court on October 7, 2014 pursuant to 28 U.S.C. § 1441. The case was removable because it arises within the Court's federal-question jurisdiction under 28 U.S.C. § 1331 and could have been brought here in the first instance.

Plaintiffs Forcucci and Balaya filed a motion pursuant to Fed. R. Civ. P. 65 for a temporary restraining order and a preliminary injunction on October 15, 2014. The motion seeks to enjoin the Board from filling the seat from which Forcucci was removed pending this Court's ruling on plaintiff's § 1983 claim that she suffered constitutionally-inadequate procedural due process during the Board's administrative proceeding on the allegations she committed official misconduct.[1]

---

[1] Plaintiff Bayala does not assert the § 1983 procedural due process claim upon which plaintiffs' motion for injunctive relief is predicated. Balaya appears to lack standing to assert the procedural due process claim of plaintiff Forcucci. *See* Dkt. No. 12, ¶ 1.

**DISCUSSION**

The Fourteenth Amendment to the United States Constitution provides:

> . . . nor shall any State . . . deprive any person of life,
> liberty or property, without due process of law . . . .

U.S. Const. amend XIV § 1.  Plaintiff Forcucci argues her due process rights under the Fourteenth Amendment were violated when the administrative proceeding that resulted in her removal from the Board included unlawfully biased members of the Board and when the Board was not instructed on a legally accurate definition of the  "official misconduct" standard of decision to be applied during the Board's deliberations.  Plaintiff claims these alleged violations of her due process rights irreparably harm her and are contrary to the public interest.

The Board argues in response that Forcucci has been, and is, receiving all the legal process she is due.  Defendant argues plaintiff has neither a property right, nor a statutory entitlement, to the elected office of Board member, and that plaintiff therefore lacks an interest in the office that is protected by her personal right under the Fourteenth Amendment to procedural due process.  Defendant also argues plaintiff's claim is barred because she has failed to exhaust administrative remedies available to her.

**Standard for a Temporary Restraining Order.**

A temporary restraining order of the kind Forcucci and Balaya seek is an "extraordinary and drastic remedy."  *Moore v. Consol. Edison Co.*, 409 F.3d 506,

510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (internal quotation marks omitted).  Such a temporary restraining order pursuant to Fed. R. Civ. P. 65 may only be issued when plaintiffs have clearly established a likelihood of success on the merits of plaintiffs' claims and that:  (1) they are "likely to suffer irreparable injury in the absence of an injunction"; (2) "remedies at law, such as monetary damages, are inadequate to compensate for that injury"; (3) the balance of hardships tips in their favor; and (4)  "the 'public interest would not be disserved' by the issuance of [injunctive relief]."  *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010)  (referring to identical preliminary injunction standard; citing *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).[2]

**Likelihood of Success on the Merits.**

It is firmly settled that the threshold question in any section 1983 case alleging a due process violation is whether the plaintiffs possessed a liberty or property interest.  *See e.g., Leroy v. New York City Bd. of Elections*, 793 F. Supp. 2d 533, 537 (E.D.N.Y. 2011); *see  White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1061-62 (2d Cir. 1993) ("In order to succeed on a claim of deprivation of procedural due process, a plaintiff must establish that state action deprived him of a protected property or liberty interest.") (citing *Mathews v. Eldridge*, 424 U.S.

---

[2]  Because plaintiffs seek to enjoin the Board from a public-interest requirement to fill the vacant seat on the Board that is imposed on the Board by N.Y. Educ. Law § 1709(17), plaintiffs are required to show a clear likelihood of success on the merits, and may not rely on a claim of having a fair ground for litigation and a favorable balance of equities to justify a temporary restraining order.  *See e.g., Monserrate v. New York State Senate*, 599 F.3d 149, 154 (2d Cir. 2010).

319, 332 (1976)).  Therefore, the Court must first address whether plaintiff Forcucci had a property-like entitlement to the term of office on the Board.

### Whether a school board seat is an entitlement.

Positions on a school board are  "public offices [that] are mere agencies or trusts, and not property as such . . . .  [G]enerally speaking, the nature of the relation of a public officer to the public is inconsistent with either a property or a contract right."  *Velez v. Levy*, 401 F.3d 75, 86-87 (2d Cir. 2005), (quoting *Taylor and Marshall v. Buckham*, 178 U.S. 548, 577 (1900)).  *See also Snowden v. Hughes*, 321 U.S. 1, 7 (1944)  ("an unlawful denial by state action of a right to a state political office is not a denial of a right of property . . . secured by the due process clause.")  Under the Second Circuit's decision in *Velez,* Forcucci has no property-like interest in the elected office of school board member and fails to have a viable claim for a § 1983 procedural due process violation, let alone a likelihood of success on the merits of such a claim.

During oral argument, Forcucci relied upon a different statutory entitlement to the office of Board member as the basis for her claimed Fourteenth Amendment right to procedural due process.  *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  She argued her situation is clearly distinguishable from that of the disappointed school board member in *Velez* because plaintiff's right in N.Y. Educ. Law § 1709(18) to an administrative hearing and a finding of  "official misconduct"  before removal from office by the Board

7

provides significantly greater procedural protection than was afforded the disappointed board member in *Velez.*  In *Velez,* the board member was lawfully removed  "for cause"  pursuant to N.Y. Educ. Law § 2590-l(1) without a statutory right even to an administrative hearing before removal.  401 F.3d at 81-82, 85-87. Plaintiff argues the particular statutory grant of procedural protection in N.Y. Educ. Law § 1709(18) establishes that the New York Legislature intended her to have an full-fledged property-like entitlement to the office of board member, and that the entitlement clearly triggers her Fourteenth Amendment procedural due process rights.

The Board characterizes Forcucci's statutory-entitlement argument as circular.  Thus, the Board argues, the Court should not find plaintiff is entitled to even more procedural protection — including adjudication of a § 1983 procedural due process claim — merely because New York decided to afford the office of school board member a pre-removal administrative hearing before the board governed by an  "official misconduct"  standard of decision.

Forcucci's argument is not so totally far-fetched, at least in some respects. As an elected member of the Board, she could only properly be removed by the Board after a  "full and fair opportunity to refute"  charges of official misconduct. N.Y. Educ. Law § 1709(18).  The New York Commissioner of Education had jurisdiction concurrent with that of the Board to remove plaintiff.  *See Komyathy v. Board of Ed. of Wappinger Central School Dist. No. 1*, 75 Misc. 2d 859, 348

8

(1973) (citing N.Y. Educ. Law §§ 306(1), 1706, and 2559).  These are, as plaintiff stresses, legal limits grounded in State law on administrative discretion to remove plaintiff from the term of office on the Board.

However, plaintiff Forcucci overlooks some of the most critical aspects of the question whether her term of office as a Board member was a property-like entitlement for Fourteenth Amendment purposes.  That question,

> despite its state-law underpinnings, is ultimately one of *federal constitutional law*. "Although the underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9, (1978) (quoting *Roth*, *supra*, at 577; emphasis added); *cf. United States ex rel. TVA v. Powelson*, 319 U.S. 266, 279 (1943).

*Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).  Plaintiff identifies no basis for her claim of entitlement to a Board seat other than the state-law right to a pre-removal hearing governed by an "official misconduct" standard in Educ. Law § 1709(18).  Forcucci's reference to those hearing rights alone is insufficient to carry her threshold burden to show an interest protected by Fourteenth Amendment procedural due process.

In a somewhat related context, the Second Circuit has held explicitly that "mere existence of *procedures* . . . do not, in and of themselves create constitutional 'property interests.'" *Zahra v. Town of Southold*, 48 F.3d 674, 681-

82 (2d Cir. 1995) (emphasis in original).  To hold otherwise would potentially open federal courts to claims of "endless numbers" of property-like statutory entitlements arising not from genuine entitlements, but as a consequence only of pre-existing procedural protections.  *Id.*

For the foregoing reasons, the Court finds, consistent with the Second Circuit's holding in *Velez*, that plaintiffs fail to carry their burden to establish a likelihood of success on the merits proving a threshold personal interest protected by procedural due process.  The motion for a temporary restraining order is therefore denied.

**Whether legal process that is available is inadequate.**

Defendant Board argues that plaintiffs' also fail to show a likelihood of success because plaintiffs' § 1983 claim will be barred by plaintiffs' failure to exhaust administrative remedies.  In particular, defendant notes Forcucci could have sought an administrative stay of her removal from the Board with the petition for review of the Board's decision she filed with the Education Commissioner on October 3, 2014.  N.Y. Educ. Law § 311 and 8 NYCRR § 276.1.  As the Court noted during oral argument, plaintiff will have a right to judicial review of her removal in an Article 78 summary administrative review proceeding in a New York court.  These may well be adequate procedural remedies for Fourteenth Amendment purposes.

Plaintiffs argue they were not required to exhaust administrative remedies

before bringing their § 1983 claim.  It is generally true that there is no exhaustion of remedies requirement that must be met before a § 1983 claim can be brought in federal court.  *See e.g., Kraebel v. N.Y. City Dep't of Housing Preservation and Dev.*, 959 F.2d 395, 404 (2d Cir. 1992) ("It is well-established that § 1983 generally allows plaintiffs with federal or constitutional claims the right to sue in federal court without first resorting to state judicial remedies or state administrative remedies." (internal citations omitted)).  However, to the extent a plaintiff claims a violation of procedural due process under the Fourteenth Amendment, failure to pursue available procedural remedies can preclude a § 1983 claim.  *See Rivera–Powell v. New York City Bd. of Elections*, 470 F.3d 458, 467 n. 9  (2d Cir. 2006) ("Where a state law remedy gives a party a meaningful opportunity to challenge the state's action, he is not deprived of due process simply because he failed to avail himself of the opportunity." (internal quotation marks and brackets omitted)).

While exhaustion of administrative remedies is technically not required to state a procedural due process claim under § 1983,  "[w]hen § 1983 claims allege procedural due process violations," courts assess the availability of such remedies, "because that inquiry goes to whether a constitutional violation has occurred at all."  *Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 153 (2d Cir. 2010).  "[A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural

remedies and the plaintiff has not availed himself of those remedies." *New York State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 169 (2d Cir.2001) (emphasis added) (internal quotation marks omitted).  Here, Forcucci could have sought a stay of defendant Board's removal ruling when seeking to have it overturned by the State Commissioner of Education, and failed to do so.  NY. Educ. Law § 311; 8 NYCRR § 276.1.  In addition, she can bring an Article 78 proceeding for administrative review, at least after the Commissioner renders a decision on her petition.

Moreover, even if the Court were to assume for the sake or argument that Forcucci had property-like statutory entitlement to a Board office sufficient to qualify for Fourteenth Amendment procedural due process protection, plaintiffs fail even to carry their burden to show how the allegedly flawed pre-removal § 1709(18) process plaintiff Forcucci received before the Board found official misconduct, together with the post-removal process she has available under State law in her appeal to the Commissioner, followed by an Article 78 proceeding, are somehow inadequate legal process under the Fourteenth Amendment.  If the Court were to assume plaintiff had a cognizable interest in the Board office, to determine properly what process might be due to plaintiff, the Court would consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures

> used, and the probable value, if any, of additional or
> substitute procedural safeguards; and finally, the
> Government's interest, including the function involved
> and the fiscal and administrative burdens that the
> additional or substitute procedural requirement would
> entail.

*Rivera–Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335,

(1976)).  Because plaintiffs fail even to take up their burden to establish it is likely

the Court would find that more legal process is due Forcucci, they fail to show a

likelihood of success on the merits.

> **Whether irreparable harm will occur before a preliminary
> injunction may be entered, and the public interest.**

Plaintiffs rely exclusively upon their claim of a constitutional-rights injury to

support their claim of alleged irreparable harm.  Because, for the reasons stated

above, they fail to establish a likelihood of success at proving such an injury, the

Court finds they also fail adequately to establish an irreparable injury that could

justify the extraordinary remedy of a temporary restraining order.

Plaintiffs' counsel maintained during oral argument that failure to enjoin the

Board from filling the Board office plaintiff Forcucci formerly occupied will severely

harm the public interest.  Counsel maintain that the will of the voters who elected

Forcucci to the term of office as a member of the Board has been overborne by

the procedural irregularities during the proceedings resulting in Forcucci's

removal from the Board.

The Court does not address plaintiffs' public-interest arguments at this

time.  The Court does note, to paraphrase the Second Circuit, if persons entitled merely to municipal hearings can invoke federal jurisdiction on § 1983 claims alleging that a body acted arbitrarily and in violation of Fourteenth Amendment procedural due process rights, even though the state provides extensive legal redress, federal courts could face "endless numbers" of such cases.  *See Zahra*, 48 F.3d 674, 681-82 (2d Cir. 1995) (quoting *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 58–59 (2d Cir. 1985) (citation omitted)).  The potential increase of such cases filed in federal court could violate principles of federalism and lead to unnecessary federal-state conflicts with respect to governing principles in areas that are of primary state concern.  *Id.*

**Whether summary judgment should be entered.**  Upon consideration of the merits of plaintiffs' procedural due process claim, it appears that facts material to that claim may be undisputed and that judgment may be proper as a matter of law.  Accordingly, in the interest of efficiency and cost savings, the Court hereby notifies the parties it may consider summary judgment on the First Cause of Action of plaintiff Forcucci.  It appears the only fact material to the threshold legal question whether plaintiff had a property interest or property-like entitlement to a seat on the Board subject to Fourteenth Amendment protection is that plaintiff was the member of the Board subject to the official misconduct proceedings that culminated in the vote of Board members for removal on September 10, 2014.

On or before November 7, 2014, plaintiffs shall file a submission listing in separately numbered paragraphs each and every other fact, if any, they contend are material to the legal question whether plaintiff Forcucci had a property interest or property-like entitlement to a seat on the Board subject to Fourteenth Amendment procedural due process protection.  Plaintiff Forcucci shall also indicate whether she contends any such fact is genuinely in dispute, and why.

On or before November 7, 2014, plaintiffs shall also file a memorandum of law addressing whether the Court should grant summary judgement pursuant to Fed. R. Civ. P. 56 on plaintiff Forcucci's First Cause of Action on the ground plaintiff has no property interest or property-like entitlement to a seat on the Board subject to Fourteenth Amendment procedural due process protection.

On or before November 21, 2014, defendant Board shall file a submission listing in separately numbered paragraphs each and every other fact, if any, it contends is material to whether plaintiff Forcucci had a property interest or property-like entitlement to a seat on the Board subject to Fourteenth Amendment procedural due process protection.  Defendant shall indicate whether it contends any such fact is genuinely in dispute, and shall also respond to the November 7, 2014 list of facts filed by plaintiffs by explaining whether it contends any such fact is material and not genuinely in dispute.

On or before November 21, 2014, defendant Board shall also file a memorandum of law addressing whether the Court should grant summary

judgement pursuant to Fed. R. Civ. P. 56 on plaintiff Forcucci's First Cause of Action on the ground plaintiff has no property interest or property-like entitlement to a seat on the Board subject to Fourteenth Amendment procedural due process protection.

## CONCLUSION

For the foregoing reasons, the Court denies the motion of plaintiffs Catherine Schrauth Forcucci and Holly A. Balaya pursuant to Fed. R. Civ. P. 65 for a temporary restraining order enjoining defendant Board of Education of Hamburg Central School District from filling a school board seat previously occupied by Forcucci.  The parties shall confer on a schedule for proceedings on plaintiffs' pending motion for a preliminary injunction and defendant Board's response to the Complaint before October 28, 2014, and shall appear for a scheduling conference on October 28, 2014 at 9:00 a.m.

**SO ORDERED.**

_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   October 23, 2014